Case 4:21-cv-02901 Document 1-4 Filed on 09/03/21 in TXSD Page 1 of 7

Filed
7/23/2021 3:06 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Katherine Cavazos

CAUSE NO. 21-DCV-285503 _____

| | | |
|---|---|---|
| **EDGAR VILLATORO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **FORT BEND COUNTY, TEXAS** |
| | § | |
| **ASSEGAHEGNE ADAMU** | § | |
| **ASSEGAHEGNE AND** | § | Fort Bend County - 458th Judicial District Court |
| **MARTEN TRANSPORT, LTD.** | § | ____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES,** Plaintiff, EDGAR VILLATORO, hereinafter referred to as "Plaintiff," complaining of ASSEGAHEGNE ADAMU ASSEGAHEGNE ("Defendant Assegahegne") and MARTEN TRANSPORT, LTD. ("Defendant Marten"), hereinafter collectively referred to as "Defendants," and for cause of action would respectfully show:

**I.**

Plaintiff intends to conduct discovery under Level II, pursuant to 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

**II.**

Plaintiff is an individual and a resident of Fort Bend County, Texas. The last three numbers of Plaintiff's driver's license number are 210, and the last three numbers of his social security number are XXX.

Defendant Assegahegne is an individual who resides in Prince William County, and may be served with process at his place of residence, <u>13709 Lynn Street, Apartment 7, Woodbridge, Virginia 22191, or wherever he may be found.</u>

Plaintiff's Original Petition
- 1 -



Electronic Certified Copy

Defendant Marten is a foreign for-profit corporation doing business in the State of Texas; service upon this Defendant may be had by serving its registered agent, <u>C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever it may be found.</u>

This incident occurred in Fort Bend County, Texas.

### III.

Damages sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief of over $250,000.

This Court has jurisdiction and venue is proper in Fort Bend County, Texas pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County, Texas.

### IV.

On or about May 1, 2020, Plaintiff was turning left off of the 3800 block of FM 0192 into the 6100 block of southbound State Highway 6 in Fort Bend County, Texas. Suddenly and without warning, while Plaintiff was proceeding through a green light at the intersection, Defendant Assegahegne failed to yield the right of way and ran the red light at the intersection, colliding into Plaintiff's vehicle. Defendant Assegahegne was issued citation no. C097377 for "Ran Red Light". As a result of Defendant Assegahegne's negligence and the wreck, Plaintiff sustained serious personal injuries as described herein.

Based on information and belief, at all times material to this lawsuit, Defendant Assegahegne was an employee or agent of and engaged in the furtherance of the business of and in the course and scope of employment or agency relationship with Defendant Marten. Additionally, Defendant Marten is the owner of the vehicle that Defendant Assegahegne was

Electronic Certified Copy

driving when the collision that forms the basis of this complaint took place. As a result of the incident, Plaintiff sustained serious personal injuries as described herein.

## V.

On the occasion in question, Defendant Assegahegne violated his duty to exercise ordinary care in the operation of the motor vehicle and was negligent in one or more of the following particulars:

(a) in failing to keep a proper lookout;
(a) in failing to abide by traffic control signals;
(b) in failing to apply or timely apply the brakes;
(c) in failing to yield the right of way at a red light;
(d) in failing to control the speed of Defendant's vehicle;
(e) in failing to avoid the collision;
(f) in striking Plaintiff's vehicle;
(g) in failing to drive in a reasonably attentive manner; and
(h) in failing to exercise ordinary care as a reasonably prudent person would have done under the same or similar circumstances.

Each of these acts or omissions, singularly or collectively, constituted negligence, which proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VI.

Defendant Marten and its agents, officers, and employees, for whose acts and omissions constituting negligence and negligence per se, and such acts and omissions, among others, are as follows:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant Assegahegne, so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question;

(b) In hiring, employing, and/or retaining drivers, specifically including Defendant Assegahegne, who lacked proper screening, testing, training and

**Plaintiff's Original Petition**
- 3 -



Electronic Certified Copy

        qualifications so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question;

(c)      In failing to properly train and supervise drivers, specifically including Defendant Assegahegne, so as to provide for safe operation of a vehicle such as the one involved in the occurrence in question; and

(d)      In failing to properly implement and enforce policies, procedures, and protocols to properly screen, test, train, qualify, supervise, and retain drivers to operate a vehicle such as the one involved in the occurrence in question.

At all times material hereto, all of the agents, servants, and employees for Defendant Marten including but not limited to Defendant Assegahegne, who were connected with the occurrence made the subject of this cause of action were acting within the course and scope of their employment or agency relationship or official duties and in furtherance of the duties of their employment or agency or office; and these agents, servants, and employees were acting in a managerial capacity or as vice-principals, and the acts committed by them, were authorized, approved, and ratified by Defendant Marten. Thus, Defendant Marten is vicariously liable for the acts and/or omissions of Defendant Assegahegne under the doctrine of *respondeat superior*.

**VII.**

Plaintiff would also show that at the time of the incident made the basis of this suit, Defendant Assegahegne was driving a motor vehicle owned by Defendant Marten. Defendant Marten permissively allowed Defendant Assegahegne to operate the motor vehicle in question for the purpose of operating the vehicle on the public streets and highways of Texas, and thereafter, Defendant Assegahegne operated the vehicle with the knowledge, consent and permission of Defendant Marten.



Electronic Certified Copy

Further, Defendant Marten knew or had reason to know in an exercise of due care, that Defendant Assegahegne was an unlicensed, unsuitable, incompetent or reckless driver, and would create an unreasonable risk of danger to persons and property in the public streets and highways of Texas. By giving Defendant Assegahegne permission to operate the vehicle, Defendant Marten negligently entrusted their motor vehicle to Defendant Assegahegne and such entrustment proximately caused the occurrence made the basis of this suit and the resulting injuries and damages to Plaintiff.

## VIII.

All of the facts stated in this pleading are incorporated herein as if fully set forth. The actions, conduct and/or omissions of Defendants were a violation of state law and/or local regulations and/or ordinances and as such constitute negligence per se.

## IX.

As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiff sustained the following damages for which he is legally entitled to recover:

1. Necessary and reasonable medical expenses, past and future;
2. Physical pain and mental anguish, past and future;
3. Physical impairment, past and future;
4. Disfigurement, past and future;
5. Loss of income and reduced wage earning capacity, past and future;
6. Pre-judgment interest and costs of Court; and
7. Property damage.

If it be found that Plaintiff was suffering from any predispositions, conditions or bodily infirmities prior to the date of the collision, Plaintiff would show unto the Court and jury that the same was neither disabling nor painful, but that as a result of the injuries suffered by Plaintiff on



Electronic Certified Copy

such occasion, and the effects thereof, the same had been incited, accelerated, and aggravated to such an extent that they have now become painful and disabling as described herein.

## IX.

Please take notice that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, for purposes of self-authentication, any and all documents produced by Defendant to Plaintiff in response to written discovery will be used against Defendant at any pretrial proceeding or at trial.

## X.

### REQUIRED DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XI.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that upon trial hereof, Plaintiff have judgment of the Court against such Defendant in a total amount of money substantially in excess of the minimum jurisdictional limit of this Court, together with prejudgment and post-judgment interest as provided by applicable laws; for all costs of court; and for all such other and further relief, both general and special, legal and equitable, to which Plaintiff may show himself justly entitled.

Electronic Certified Copy

Respectfully submitted,

**CRIM & VILLALPANDO, PC**

By: _____
Allen A. King, Jr.
State Bar No. 11433490
2122 E Governors Circle
Houston, Texas 77092
(713) 807-7800
(713) 807-8852 Fax
Allen@cvinjurylawyers.com

**ATTORNEY FOR PLAINTIFF
EDGAR VILLATORO**

Plaintiff's Original Petition
- 7 -

I, Beverley McGrew Walker, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the Instrument herein set out an appears of record in The District Court of Fort Bend County, Texas. This 02 day of SEPTEMBER 20 21

BEVERLEY MCGREW WALKER, DISTRICT CLERK
By_____ Deputy
ASHLEY ALANIZ



Electronic Certified Copy